STATE OF VERMONT

SUPERIOR COURT
Environmental Division Unit

ENVIRONMENTAL DIVISION
Docket Nos. 71-6-15 Vtec
and 116-9-15 Vtec

| | |
|---|---|
| APC Property LLC dba Burlington Bedrooms CU & SP | DECISION ON MOTIONS |

### Decision on Motions

Currently before the Court are four motions related to APC Property, LLC's (APC) appeal of the Town of Shelburne Development Review Board's (DRB) denial of APC's Conditional Use Application, Docket No. 71-6-15 Vtec (CU Application), and APC's related appeal of its Notice of Violation (NOV), Docket No. 116-9-15 Vtec, issued by the Town of Shelburne Zoning Administrative Officer and affirmed by the DRB. In the CU Application appeal, APC moves to consolidate the CU Application with the NOV appeal, and also moves to dismiss interested party Wild Rose Circle Association. Appellees, a group interested parties, including the Wild Rose Circle Association, that appear in both matters, move in the CU Application appeal requesting that we remove the mediation requirement and amend the scheduling order. In the NOV appeal, APC moves to stay enforcement of the NOV pending our decision in the CU Application appeal. The Town of Shelburne (Town) is participating as an interested party in both the CU Application appeal and the NOV appeal.

We turn first to APC's Motion to Consolidate. We begin by noting that, although the terms may have been used interchangeably in the past, consolidation and coordination are distinct actions. Consolidation more appropriately refers to consolidating multiple proceedings into a single action and requires consent of the parties. See V.R.C.P 42(a). Whereas, coordination under V.R.E.C.P. 2(b) is a tool of expedience whereby multiple matters are heard together but maintain their separate docket numbers. See V.R.E.C.P. 2 (granting the court power to *coordinate* multiple proceedings where the same or significantly related matter has resulted in separate hearings or appeals and the coordination of the matters "will promote expeditious and fair proceedings and avoid unnecessary costs or delay."); see also Reporter's

1

Notes, V.R.E.C.P. 2 ("[V.R.E.C.P. 2(b)] does not address full consolidation of proceedings, which by virtue of V.R.C.P. 42(a) may be ordered only with the consent of the parties."). We interpret APC's Motion to Consolidate as actually requesting coordination of the two related matters.[1] As Appellees do not oppose the coordination of the CU Application and the NOV appeal, we hereby coordinate Docket Nos. 71-6-15 Vtec and 116-9-15 Vtec.

We next address APC's Motion to Dismiss Wild Rose Circle Association as a party from the matters. APC claims that Wild Rose Circle Association (Wild Rose) should be dismissed because "A diligent search of the State of Vermont Secretary of State's website and data base cannot find any evidence that Wild Rose . . . is a created entity registered with the State of Vermont." We are unaware of any requirement that a homeowners association must be incorporated in order to participate as an association before the Environmental Division and APC has not cited any other issue with Wild Rose's standing under 24 V.S.A. §§ 4465 and 4471. A homeowners association need not be incorporated to take action as an association. See 27A V.S.A. § 3-101. Further, an unincorporated association may sue and be sued as an association. See 12 V.S.A. § 814. Therefore, the fact that Wild Rose is unincorporated is, alone, insufficient to dismiss Wild Rose as a party. We therefore deny the motion to dismiss.

Third, we consider Appellees' Motion to Remove Mediation Requirement and Amend Scheduling Order. Appellees suggest that they have participated in informal discussions with the Town and APC, and have reached an impasse that further negotiations will not resolve. They therefore request that we remove the formal mediation requirement from the scheduling order. We deny this request. Although informal negotiations have not been fruitful in reaching a final settlement of the CU Application, the three parties recognize that there is common ground between the parties and we conclude that formal mediation will not be overly burdensome. We therefore order the parties to participate in at least a half day of mediation. We leave any cost allocation arrangements to the parties. As a result of our order, a revision of the pre-trial schedule is necessary. During our January 11, 2016 status conference, the parties were instructed to negotiate and file an agreed upon revised scheduling order. Once filed, we will separately consider the revised schedule.

---

[1] To the extent that APC seeks to consolidate pursuant to V.R.C.P. 42(a), we deny the motion as there is not consent of the parties.

Lastly, we turn to APC's Motion to Stay Enforcement of Notice of Violation. Pursuant to 24 V.S.A. § 4451, a municipality may issue a notice of violation to any person who violates the municipalities bylaws. The notice of violation must give the alleged offender seven days to cure the violation. § 4451(a). If the alleged offender fails to cure the violation, a fine of up to $200 per day begins accruing on the eighth day for each day the violation continues. Id. In order to challenge the merits of the alleged violation, a timely appeal of the notice of violation must be taken. 24 V.S.A. § 4472. If the alleged offender fails to cure the violation within the seven day period, the municipality may commence an enforcement action to prevent the offending conduct and to collect appropriate penalties.

In its motion, APC request that this Court stay the enforcement of the NOV until the CU Application appeal is resolved. APC suggests that a failure to stay the NOV enforcement proceedings will prejudice its contract with U-Haul and would create a hardship on APC. We note that no enforcement action has yet been commenced.[2] As APC's motion provides little guidance, we interpret APC's motion as requesting that we stay per day penalties from accruing based on any uncured violations. We deny APC's request.

Pursuant to V.R.E.C.P. 5(e), when a stay is not automatically issued under 10 V.S.A. § 8504, this Court, on its own motion or the motion of a party, may issue a stay to "preserve the rights of the parties upon such terms and conditions as are just." See also 10 V.S.A. 8504(f). When considering whether to grant a motion to stay, we analyze whether the moving party has demonstrated: (1) a strong likelihood of success on the merits; (2) irreparable injury to the moving party if the stay is not granted; (3) that the stay will not substantially harm other parties; and (4) whether the stay will serve the best interests of the public. In re Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. April 12, 2013) (Walsh, J.); see also Gilbert v. Gilbert, 163 Vt. 549, 560 (1995).

---

[2] If an enforcement action is eventually commenced before we reach the merits of the NOV matter, it may be appropriate to coordinate the enforcement matter with the appeal of the NOV. Nevertheless, even if the Town files an enforcement action a stay is not warranted without additional justification. APC has failed to demonstrate irreparable injury if the enforcement action is not stayed and has made no showing of likelihood of success. See In re Sheffield Wind Project Amended Individual Stormwater Permit, No. 252-10-08 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2010) (Wright, J.) ("Appellants must demonstrate all four of these elements for the stay to be granted."). Further, APC will have a full and fair opportunity to litigate the merits of the alleged violations in its appeal of the NOV matter and allowing any enforcement action to proceed will not impact its ability to challenge the Town's allegations.

Here, APC has failed to establish that any of the four factors warrant granting its request for a stay. Any penalties that may accrue are the result of APC's failure to cure the violations. APC was afforded seven days to cure any violation and has presented no justification why it was unable to do so. Additionally, APC's claim that enforcement may injure its business relation with U-Haul is unavailing. APC has no right to conduct its operation in violation of the Town's bylaws and its general claim of prejudice concerning future business with U-Haul fails to establish irreparable injury. Further, there is no reason the current NOV matter cannot proceed simultaneously with the CU Application appeal. The merits of APC's CU Application has no bearing on past zoning violations; even if successful in obtaining a conditional use permit, APC will still be liable for any zoning violations that occurred prior to the issuance of the permit. Lastly, APC has failed to demonstrate a strong likelihood of success or that a stay will serve the best interests of the public. APC timely appealed the NOV and thus will have a full opportunity to challenge the substance of the alleged violations before this Court. While penalties will continue to accrue for each day the alleged violations persist, no penalty may be collected until we decide the merits of the NOV, and only if the Town files an enforcement action and prevails on the merits will it be able to collect penalties. We therefore conclude that APC has failed to establish grounds for a stay and thus deny its motion.

Accordingly, based on the foregoing, we coordinate the CU Application appeal, Docket No. 71-6-15 Vtec with APC's appeal of the NOV, Docket No. 116-9-15 Vtec. Further, we **DENY** APC's Motion to Dismiss Wild Rose Circle Association in Docket No. 71-6-15 Vtec and also **DENY** Appellees' Motion to Remove Mediation Requirement and Amend Scheduling Order in the same matter. Lastly, we **DENY** APC's Motion to Stay Enforcement of the NOV in Docket No. 116-9-15 Vtec.

Electronically signed on January 21, 2016 at 10:58 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

4